IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 16-51423

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

HORACIO LICANO PACHECO, also known as Ora,

    Defendant - Appellant

A True Copy
Certified order issued Apr 19, 2017

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

Appeal from the United States District Court for the
Western District of Texas, El Paso
USDC No. 3:11-CR-01827-6 / 3:14-CV-384

Before DENNIS, ELROD, and COSTA, Circuit Judges.

PER CURIAM:

    This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), the notice of appeal in a civil action in which the United States is a party must be filed within sixty days of entry of the judgment or order from which appeal is taken. A motion brought under 28 U.S.C. § 2255 is a civil action to which the sixty day appeal period applies. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

In this 28 U.S.C. § 2255 proceeding, the final judgment was entered on July 1, 2016. Accordingly, the final day for filing a timely notice of appeal was August 30, 2016. The defendant's pro se notice of appeal is dated November 25, 2016, and it was filed on December 2, 2016. Because the notice of appeal is dated November 25, 2016, it could not have been deposited in the prison's mail system within the prescribed time. *See* FED. R. APP. P. 4(c)(1) (prisoner's pro se notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing). The time limitation for filing a notice of appeal in a civil case is jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir. 1985).

IT IS SO ORDERED.